Per Curiam.

If, as indicated by defendant’s evidence, plaintiff did ride from her driveway directly in front of defendant’s automobile, her negligence would bar her recovery. Although it is somewhat difficult, we do not believe it is impossible to reasonably reconcile the version of the accident indicated by plaintiff’s evidence with the rear-wheel damage to the bicycle and the position of the plaintiff and her bicycle after the collision. Hence, a majority of this court believes that the evidence was such as to justify submission of the cause to the jury.
The record discloses the following occurrence during the voir dire:
“Mr. Sieman [plaintiff’s counsel]: Are there any members of this panel that are employed by an insurance company selling liability insurance on .motor vehicles? (no answer) Are there any members of the panel that own stock or any of you that have any financial interest in any insurance company selling liability insurance on automobiles? (no answer) (Conference at bench by Mr. Day [defendant’s counsel] and court)
“Mr. Sieman: Did he want to make that openly to the juryi
“Mr. Day: I object to that question in the hearing of the jury.
*334 “Mr. Sieman: If Mr. Day has an objection let him make his objection out loud in the hearing of the jury.
“Mr. Day: (at bench) I move to discharge the panel by reason of the last two questions, and by reason of his twice repeating the statement ‘Do you want to make that objection to the jury’ and I move to withdraw a juror and discharge the entire panel.
“Mr. Sieman: Counsel for plaintiff denies having made the statement twice and/or that counsel for plaintiff asked Mr. Day when he went to the judge to make the objection whether or not he cared to make that objection openly * *
In our opinion, the trial court should have forthwith granted defendant’s motion to withdraw a juror and discharge the panel. We can see no possible justification for this apparent effort by plaintiff’s counsel, at the outset of a trial, to discredit opposing counsel by suggesting that he was trying to hide something from the jury. If plaintiff’s counsel had really wanted to hear what opposing counsel had to say to the court, he could readily have availed himself of that opportunity in a dignified and orderly manner by joining him at the bench. We cannot understand the argument in plaintiff’s brief that “there was no misconduct * * *, since plaintiff’s counsel is entitled to know what defendant’s counsel is attempting to read into the record.” Plaintiff’s counsel could have easily found that out from the reporter without trying to discredit his opponent with the jury.
In his brief, plaintiff’s counsel states that “as evidence of plaintiff’s counsel’s good faith, he denied immediately in the presence of counsel for the defendant, out of the hearing of the jury, that he had made any such statements.” We cannot comprehend how denials, which the foregoing-quoted parts of the record (which we must assume to be accurate) apparently indicate as false denials, would be any evidence at all of good faith.
The purpose of a jury trial is to present to the jury in an orderly manner the evidence that is competent on the issues made by the pleadings in order that the jury may make a fair and impartial finding with respect to those issues. Any conduct *335 that is inconsistent with such a purpose should be conscientiously avoided by counsel; and, in the absence of some reasonable excuse therefor, such conduct should not be tolerated by the courts.
It may be suggested that this plaintiff should not be penalized for the misconduct of her counsel. If we were to excuse such misconduct by affirming this judgment, we would be not merely relieving this plaintiff from its consequences but we would be permitting that misconduct to prejudice the defendant who has no connection whatever with plaintiff’s counsel. To so condone such misconduct could only lead to encouraging it. That would necessarily lead the public to lose respect for the administration of justice by our courts.

Judgment reversed.

Weygandt, C. J., Tart, Matthias and Herbert, JJ., concur.